ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 10 2026

Kevin P. Weimer, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>LUIS ADOLFO MENDOZA FONSECA, AND<br><br>ROSMERY YAMIBEL CASTILLO FONSECA | Criminal Indictment<br><br>No. 1:26-CR-0067<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment:

**General Allegations**

The U.S. Department of Health and Human Services Office of Refugee Resettlement's Unaccompanied Alien Children Program

1. The United States Department of Health and Human Services ("HHS") was a department within the Executive Branch of the United States government.

2. Unaccompanied Alien Children ("UACs") were defined as individuals who had no lawful immigration status in the United States, were under the age of 18, and had no parent or legal guardian in the United States who was available to provide care and physical custody.

3. UACs who were apprehended by the Department of Homeland Security ("DHS") immigration officials or another federal agency were transferred to HHS's Office of Refugee Resettlement ("ORR"), which was responsible for the care and custody of UACs awaiting immigration proceedings.

4. ORR usually retained custody until the UACs: (1) were released to a parent, guardian, relative, or other qualified sponsor; (2) were transferred to foster care; or (3) turned 18 years old.

5. The process of releasing a UAC from ORR custody to a sponsor involved several steps, including, but not limited to, the identification of sponsors, the submission of a sponsor application, and an assessment of sponsor suitability, which included verification of the sponsor's identity and relationship (if any) to the child.

6. All potential sponsors were required to submit a "Family Reunification Application" and documents that verified the sponsor's identity and relationship claimed between the sponsor and UAC, among other documents.

7. A birth certificate was among a list of acceptable documents to demonstrate the relationship between the sponsor and the UAC, as well as the sponsor's identity.

8. After submission of the Family Reunification Application, Authorization for Release of Information, and other documents, ORR evaluated the materials, took other assessment actions, and determined whether an individual was an appropriate sponsor before releasing a child from ORR custody.

<u>UAC-1's Travel to the United States</u>

9. LUIS ADOLFO MENDOZA FONSECA, a Honduran national present in the United States without legal authorization, last resided in Raleigh, North Carolina.

10. ROSMERY YAMIBEL CASTILLO FONSECA, a Honduran national present in the United States without legal authorization, resides in Lawrenceville, Georgia, which is in the Northern District of Georgia.

11. In or about the Spring of 2024, UAC-1, a then-15-year-old Nicaraguan national, and MENDOZA FONSECA, then-28-years old, met online and thereafter engaged in a romantic online relationship.

12. Beginning on an unknown date, but at least as early as in or about December 2024, MENDOZA FONSECA encouraged and induced UAC-1, then 16, to leave her home in Nicaragua, travel to the United States unaccompanied by a parent or legal guardian, and illegally enter the United States.

13. Prior to UAC-1's departure from her home, MENDOZA FONSECA, aided and abetted by CASTILLO FONSECA and others known and unknown to the grand jury, facilitated and paid for UAC-1's travel to the United States, and arranged for UAC-1 to utilize the identity of a minor, M.N.M.F., a purported Honduran national, to gain entry to the United States.

14. During UAC-1's journey to and prior to her entry into the United States, CASTILLO FONSECA instructed UAC-1 to tell United States immigration authorities that CASTILLO FONSECA was UAC-1's cousin and that she would sponsor UAC-1 in the United States. In fact, CASTILLO FONSECA and UAC-1 have no familial relationship.

15. The purpose of this smuggling arrangement was to increase the chances that CASTILLO FONSECA's sponsorship of UAC-1 under a false identity would be granted and receive less scrutiny.

16. On or about February 28, 2025, UAC-1 crossed the border into the United States from Mexico at or near Roma, Texas, where she was encountered by U.S. Border Patrol agents and identified herself as M.N.M.F.

17. On or about March 1, 2025, UAC-1 was taken into ORR custody and transferred to an HHS-funded care provider in Palmetto, Georgia, which is in the Northern District of Georgia.

The Family Reunification Application Containing False Statements

18. On or about March 2, 2025, CASTILLO FONSECA, aided and abetted by MENDOZA FONSECA, submitted and caused to be submitted to ORR the Spanish version of a Family Reunification Application seeking to sponsor UAC-1 as M.N.M.F.

19. In the Family Reunification Application, CASTILLO FONSECA, aided and abetted by MENDOZA FONSECA, made multiple materially false statements, including:

a. CASTILLO FONSECA falsely stated that UAC-1 was her cousin when in fact there was no familial relation.

b. CASTILLO FONSECA falsely claimed UAC-1's name was M.N.M.F., a Honduran national.

20. CASTILLO FONSECA signed the Family Reunification Application, which included the following declarations, written in Spanish:

a. "I declare and affirm under penalty of perjury that the information contained in this application is true and accurate to the best of my knowledge."

b. "I attest that all documents I am submitting or copies of those documents are free of error and fraud."

21. In support of the Family Reunification Application, CASTILLO FONSECA, aided and abetted by MENDOZA FONSECA, provided a copy of M.N.M.F.'s birth certificate.

22. The true identity of the UAC and the UAC's true relationship to the sponsor are material matters in the UAC sponsorship process.

23. On or about March 17, 2025, CASTILLO FONSECA withdrew the application to sponsor UAC-1 after staff at the HHS-funded care provider requested additional information that she could not provide.

24. On or about April 21, 2025, UAC-1 disclosed her true identity to staff at the HHS-funded care provider.

25. On or about April 22, 2025, CASTILLO FONSECA admitted to staff at the HHS-funded care provider that UAC-1 was not M.N.M.F., and stated that she was helping MENDOZA FONSECA, who had a romantic online relationship with UAC-1 after meeting on a social media platform and had paid for UAC-1's journey to the United States. CASTILLO FONSECA then sent a copy of the front of UAC-1's true birth certificate to staff at the HHS-funded care provider.

26. On or about April 29, 2025, MENDOZA FONSECA admitted to staff at the HHS-funded care provider that UAC-1 was not M.N.M.F. and confirmed that he and UAC-1 had a romantic online relationship.

27. On or about May 1, 2025, MENDOZA FONSECA provided a copy of the front and back of UAC-1's true birth certificate to staff at the HHS-funded care provider.

**Count One**
**Conspiracy to Encourage and Induce an Alien to Come to, Enter, and Reside in the U.S.**
**(Title 8, United States Code, Sections 1324(a)(1)(A)(iv) & 1324(a)(1)(A)(V)(I))**

28. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 27 of this Indictment as if fully set forth herein.

29. Beginning on an unknown date, but at least as early as in or about December 2024, and continuing to on or about March 17, 2025, in the Northern District of Georgia and elsewhere, the defendants, LUIS ADOLFO MENDOZA FONSECA and ROSMERY YAMIBEL CASTILLO FONSECA, did knowingly and intentionally conspire and agree with each other and other persons known and unknown to the grand jury to commit the offense of encouraging and inducing an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of the law, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(I).

**Count Two**
**Encouragement and Inducement of an Alien to Come to, Enter, and Reside in the U.S. for the Purpose of Commercial Advantage and Private Financial Gain**
**(Title 8, United States Code, Sections 1324(a)(1)(A)(iv) & (a)(1)(B)(i); Title 18 United States Code, Section 2)**

30. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 27 of this Indictment as if fully set forth herein.

31. Beginning on an unknown date, but at least as early as in or about December 2024, and continuing through in or around March 17, 2025, in the Northern District of Georgia and elsewhere, the Defendants, LUIS ADOLFO MENDOZA FONSECA and ROSMERY YAMIBEL CASTILLO FONSECA, aiding and abetting each other, did knowingly encourage and induce an alien—namely, UAC-1—to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

**Count Three**
**Making a False, Fictitious, and Fraudulent Statement**
**(Title 18, United States Code, Sections 1001(a)(2) & 2)**

32. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 27 of this Indictment as if fully set forth herein.

33. On or about March 2, 2025, in the Northern District of Georgia, LUIS ADOLFO MENDOZA FONSECA and ROSMERY YAMIBEL CASTILLO FONSECA, aiding and abetting each other, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, ROSMERY YAMIBEL CASTILLO FONSECA, aided and abetted by LUIS ADOLFO MENDOZA FONSECA, stated in an ORR Family Reunification Application that UAC-1 was M.N.M.F., when, in truth and fact, as they then well knew, UAC-1 was not M.N.M.F, all in violation of Title 18, United States Code, Sections 1001(a)(2) & 2.

A True BILL

FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

*Leanne Marek*

LEANNE M. MAREK
*Assistant United States Attorney*
*Georgia Bar No. 270935*

A. TYSEN DUVA
*Assistant Attorney General*
*Criminal Division*

*Aaron Jennen*

AARON L. JENNEN
*Trial Attorney*
*Human Rights and Special Prosecutions Section*
*Arkansas Bar No. 2004156*

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181